## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **COOLTVNETWORK.COM, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**INTERNATIONAL BUSINESS MACHINES CORPORATION,**<br><br>Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff CoolTVNetwork.com, Inc. ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Defendant International Business Machines Corporation ("Defendant") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of United States Patent No. 7,162,696 ("the '696 patent") entitled "Method and System for Creating, Using and Modifying Multifunctional Website Hot Spots". A true and correct copy of the '696 patent is attached hereto as Exhibit A. Plaintiff is the owner by assignment of the '696 patent. Plaintiff seeks monetary damages and injunctive relief.

### PARTIES

2. Plaintiff is a limited liability company having a principal place of business located at 17731 N.W. 14th CT. Miami, Florida 33169.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 1 New Orchard Rd. Armonk, New York 10504. Defendant can be served with process by serving The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

1

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

5. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant because Defendant is present within or has minimum contacts within the State of Delaware and the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware. Further, this Court has personal jurisdiction over Defendant because has a brick and mortar location in Delaware located at 1001 N Jefferson St, Wilmington, DE 19801 and regularly conducts business at this address and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

7. More specifically, Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Delaware, and the District of Delaware including but not limited to the Accused Instrumentalities as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in the District of Delaware. Defendant solicits and has solicited customers in the State of Delaware and in the District of Delaware. Defendant has paying

customers who are residents of the State of Delaware and the District of Delaware and who each use and have used the Defendant's products and services in the State of Delaware and in the District of Delaware.

8.  Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1400(b). On information and belief, Defendant has a brick and mortar location in Delaware located at 1001 N Jefferson St, Wilmington, DE 19801 where business is regularly conducted and has directly and/or indirectly committed acts of patent infringement in this district.

## COUNT I – PATENT INFRINGEMENT

9.  Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-8 above.

10. The '696 patent was duly and legally issued by the United States Patent and Trademark Office on January 9, 2007 after full and fair examination. Plaintiff is the owner by assignment of the '696 patent and possesses all rights of recovery under the '696 patent, including the exclusive right to sue for infringement and recover past damages and obtain injunctive relief.

11. Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides systems, methods and apparatus that infringe the '696 patent. The '696 patent provides, among other things, "a Multifunctional Hot Spot method comprising: defining at least one hot spot by a communication with instructions stored on a tangible retaining medium; accessing at least one of the hot spots from a globally accessible network; performing at least one of a plurality of predetermined functions executed with the selection of each particular hot spot; wherein said hot spots reside on and are accessible from a digital video or audio file; wherein said predetermined functions are selected from a mode control; wherein the mode control comprises a plurality of modes; wherein the plurality of modes comprise a shop mode, a bid mode, an interact mode, an entertainment mode, and a link mode; wherein a specific mode is selected by a user through an

expandable graphical user interface bar; wherein said specific mode further toggles based on time stamps in said digital video or digital audio file; wherein said hot spots are visualized by outlines, shading, or illumination or a combination of each, at a predetermined area on the display; wherein said Multifunctional Hot Spot apparatus is made to reside on and is executing on a computing system; selecting and activating at least one of said predetermined functions by clicking on each particular Multifunctional Hot Spot."

12.   Defendant has been and is now infringing the '696 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, testing, providing, supplying, distributing, selling, and/or offering for sale systems, methods and apparatus (including, without limitation, the Defendant's products including IBM Watson Media Advertising Custom Ad Solutions and related functionality identified herein as the "Accused Instrumentality") that provide a methods, apparatus and systems for creating, using and modifying multifunctional website hotspots including software that identifies, programs and activates hot spots with a plurality of functions wherein the functions include a shopping mode for selecting and purchasing items on a website or in a video, a digital call mode for facilitating videoconferencing and telephone calls over a globally accessible network, a digital storage area for selecting, retrieving and playing selected digital media files, a bid mode that facilitates audio and video communication during multi-task communication interface for conducting an auction and/or accepting bids, an interact mode for communicating a user with a live streamed digital media file, a link mode for directly linking to pre-identified URL addresses and an entertain mode for retrieving and activating digital media files, wherein the functions are selected based on user inputs or predetermined parameters and are activated by clicking a predetermined hot spot, covered by at least claim 17 of the '696 patent to the injury of

CoolTVNetwork.com, Inc. Defendant is directly infringing, literally infringing, and/or infringing the '696 patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '696 patent pursuant to 35 U.S.C. § 271.

13. Defendant has induced and continues to induce infringement of the '696 patent by intending that others use, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '696 patent, including, but not limited to, methods, systems, and apparatus for creating, using and modifying multifunctional website hot spots. Defendant provides these products to others, such as customers, resellers and end-use consumers who, in turn, use, offer for sale, or sell in the United States these methods, systems, and apparatus for creating, using and modifying multifunctional website hot spots that infringe one or more claims of the '696 patent.

14. Defendant indirectly infringes the '696 patent by inducing infringement by others, such as resellers, customers and end-use consumers, in accordance with 35 U.S.C. § 271(b) in this District and elsewhere in the United States. Direct infringement is a result of the activities performed by the resellers, customers and end-use consumers of the mobile banking functionality, including methods, systems, and apparatus for creating, using and modifying multifunctional website hot spots.

15. Defendant received notice of the '696 patent at least as of the date this lawsuit was filed.

16. Defendant affirmative acts of providing and/or selling the methods, systems, and apparatus for creating, using and modifying multifunctional website hot spots, including manufacturing and distributing, and providing instructions for using the methods, systems, and apparatus for creating, using and modifying multifunctional website hot spots in their normal and

customary way to infringe one or more claims of the '696 patent. Defendant performs the acts that constitute induced infringement, and induce actual infringement, with the knowledge of the '696 patent and with the knowledge or willful blindness that the induced acts constitute infringement.

17. Defendant specifically intends for others, such as resellers, customers and end-use consumers, to directly infringe one or more claims of the '696 patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as limitation, Defendant induces such infringement by its affirmative action by, among other things: (a) providing advertising on the benefits of using the Accused Instrumentalities' functionality; (b) providing information regarding how to use the Accused Instrumentalities' functionality; (c) providing instruction on how to use the Accused Instrumentalities' functionality; and (d) providing hardware and/or software components required to infringe the claims of the '696 patent.

18. Accordingly, a reasonable inference is that Defendant specifically intends for others, such as resellers, customers and end-use consumers, to directly infringe one or more claims of the '696 patent in the United States because Defendant has knowledge of the '696 patent at least as of the date this lawsuit was filed and Defendant actually induces others, such as resellers, customers and end-use consumers, to directly infringe the '696 patent by using, selling, and/or distributing, within the United States, methods, systems, and apparatus for creating, using and modifying multifunctional website hot spots.

19. As a result of Defendant acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

20. Defendant continues advising, encouraging, or otherwise inducing others to use the

systems, methods, and apparatus claimed by the '696 patent to the injury of Plaintiff. Since at least the filing date of the Original Complaint, Defendant has had knowledge of the '696 patent, and by continuing the actions described above, has specific intent to induce infringement of the '696 patent pursuant to 35 U.S.C. § 271(b), and has further contributed to said infringement of the '696 patent by their customers by providing them with the Accused Instrumentalities so that their customers could directly infringe the '696 patent.

21. Claim 17 of the '696 patent, claims:

A Multifunctional Hot Spot method comprising:

> IBM video advertising integration with Google Ad manager provides a multifunctional hotspot system.

**Plug and play from the dashboard**

IBM's video streaming player comes integrated with Google IMA (Interactive Media Ads). This allows content owners to use Google Ad Manager, formerly known as Google DFP (DoubleClick for Publishers), to begin serving ads with their video content.

<u>IBM's video streaming solutions now offer a Google Ad Manager integration. This allows content owners to monetize their live and on-demand video assets through using virtually any 3rd party ad server that can run inside of Google Ad Manager.</u>

SOURCE: https://video.ibm.com/blog/streaming-product-updates/google-ad-manager-integration-for-live-and-on-demand-video/

defining at least one hot spot by a communication with instructions stored on a tangible retaining medium;



accessing at least one of the hot spots from a globally accessible network;




performing at least one of a plurality of predetermined functions executed with the selection of each particular hot spot;



wherein said hot spots reside on and are accessible from a digital video or audio file;



wherein said predetermined functions are selected from a mode control;



wherein the mode control comprises a plurality of modes;



wherein the plurality of modes comprise a shop mode, a bid mode, an interact mode, an entertainment mode, and a link mode;



wherein a specific mode is selected by a user through an expandable graphical user interface bar;



wherein said specific mode further toggles based on time stamps in said digital video or digital audio file;



wherein said hot spots are visualized by outlines, shading, or illumination or a combination of each, at a predetermined area on the display;




wherein said Multifunctional Hot Spot apparatus is made to reside on and is executing on a computing system;



selecting and activating at least one of said predetermined functions by clicking on each particular Multifunctional Hot Spot.

**Plug and play from the dashboard**

IBM's video streaming player comes integrated with Google IMA (Interactive Media Ads). This allows content owners to use Google Ad Manager, formerly known as Google DFP (DoubleClick for Publishers), to begin serving ads with their video content.

SOURCE: https://video.ibm.com/blog/streaming-product-updates/google-ad-manager-integration-for-live-and-on-demand-video/

- Web-exclusive interviews, meet and greets, backstage
- Interactive chat, integrated moderated Q&A, live chat
- Advertising current product or product just released

SOURCE: https://video.ibm.com/blog/streaming-product-updates/video-advertising-integration-mid-pre-roll/#monetization

Click-through URL – **landing page URL** – this is where viewers are taken when they interact with the advertisement (in a new browser tab or window)

SOURCE: https://support.video.ibm.com/hc/en-us/articles/360000760379-IBM-Watson-Media-Dashboard-Ad-Manager-Integration

22. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

23. To the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '696 patent complied with all marking requirements under 35 U.S.C. § 287.

24. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

A. a judgment that Defendant directly and/or indirectly infringes one or more

claims of the '696 patent;

B. award Plaintiff damages in an amount adequate to compensate Plaintiff for Defendant's infringing products' infringement of the claims of the '696 patent, but in no event less than a reasonable royalty, and supplemental damages for any continuing post-verdict infringement until entry of the final judgment with an accounting as needed, under 35 U.S.C. § 284;

C. award Plaintiff pre-judgment interest and post-judgment interest on the damages awarded, including pre-judgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '696 patent by Defendant to the day a damages judgment is entered, and an award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law; and an accounting of all damages not presented at trial;

D. a judgment and order finding this to be an exceptional case and requiring defendant to pay the costs of this action (including all disbursements) and attorneys' fees, pursuant to 35 U.S.C. § 285;

E. award a compulsory future royalty for the '696 patent; and award such further relief as the Courts deems just and proper.

Dated: February 11, 2019

Respectfully submitted,

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
Fax: (302) 353-4251
tdevlin@devlinlawfirm.com

Austin Hansley
(*pro hac vice* application forthcoming)
Texas Bar No.: 24073081
HANSLEY LAW FIRM, PLLC
13355 Noel Rd. STE 1100
Dallas, Texas 75240
Telephone: (972) 528-9321 Ext. 1000
Facsimile: (972) 370-3559
Email: ahansley@hansleyfirm.com

**ATTORNEYS FOR PLAINTIFF
COOLTVNETWORK.COM, INC.**